[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#110)
The defendant has filed two special defenses which the plaintiff has challenged on the grounds that they are incorrect and not legally sufficient.
This is a claim demanding arbitration under the uninsured motorist provisions of an insurance contract in connection with an accident occurring in California with a vehicle registered and insured in California. The defendant claims in its special defenses that the claim is barred by the "applicable Statute of Limitations" (first special defense) and by Section 11580.2(i) of the California Insurance Code. CT Page 2050
The plaintiff argues that the first special defense is not legally sufficient because the applicable statute of limitations is not the California statute, but the Connecticut statute, C.G.S. 38a-336, a three year statute. When the allegations of a pleading support a cause of action or defense, the motion to strike must be denied. D'Ulisse-Cupo v. Board of Directors ofNotre Dame High School, 202 Conn. 206, 520 A.2d 217 (1987). The plaintiff has not alleged that he is a resident of this state, and even if he is a resident of this state, this action may be barred by an "applicable" statute of limitation, which might be the California statute. The plaintiff has failed to request the defendant to specify the "applicable" statute. The court will deny the plaintiff's motion with respect to the first special defense.
In connection with the second special defense, it is the plaintiff's claim that Section 11580.2(i) of the California Code does not bar this action. The plaintiff argues that procedure is governed by the forum, and that since 11580.2(i) is a statute of limitations, hence procedural, it should not apply. The California Supreme Court has construed 11580.2(i) not as a limitation of action but as a condition precedent to the accrual of an action to force arbitration. Spear v.California State Auto Ass's., 2 Cal.4th 1035,9 Cal.Rptr.2d 381, 831 P.2d 821, 823 (1992). Our court has held that when a statute creates a right of action and establishes the remedy, the conditions imposed on the right of recovery by the statute are considered substantive elements of the cause of action, and are applied by the forum. Moore v. McNamara, 201 Conn. 16,513 A.2d 660 (1986); Champagne v. Raybestos-Manhattan, Inc.,212 Conn. 509, 562 A.2d 1100 (1989). The issue of whether California or Connecticut law controls the substantive elements of this case has not been raised by this Motion To Strike, and therefore, this motion with regard to the second special defense must be denied.
/s/ Pellegrino, J. PELLEGRINO CT Page 2051